FORT SMITH, SUBIACO & ROCK ISLAND RAILROAD COMPANY
*v.* ROADY.

Opinion delivered February 18, 1924.

CARRIERS—TENDER OF LIVESTOCK FOR SHIPMENT.—Where, after a shipper in a certain county on October 26, requested a car for an interstate shipment of cattle, the Federal inspector issued an order including the county in a quarantine district, which prevented the cattle from being shipped from the county after October 31, it was the shipper's duty to have his cattle inspected, and their condition for shipment certified by a proper official before he could tender them for shipment, and that must have

been done in time to have them hauled out of the county before the quarantine order took effect; and where he failed to do so, the carrier could not be liable on the theory that the car was not furnished within six days after notification, under Crawford & Moses' Dig., § 895.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; reversed.

*E. H. McCulloch* and *J. B. McDonough,* for appellant.

Appellee failed to have his cattle inspected, and it would have been unlawful for appellant to have accepted them for transportation. Act Congress, March 4, 1913, amending act March 3, 1905; 37 U. S. Stat. at Large, 828; 188 Fed. 191; 222 U. S. 8; 139 U. S. 278. There must be a proper tender of the shipment before there can be any liability. 84 Ark. 150. As long as there remains something to be done by the shipper, the liability of the carrier does not begin. 1 Hutchinson on Carriers, p. 288; 42 Ark. 200; 60 Ark. 33; 69 Ark. 150. Appellee was lawfully compelled to be present with his stock at the place of shipment on or before the time when the last train would leave. 144 Ark. 11; 77 Ark. 357.

No brief for appellee.

HUMPHREYS, J. This is a suit by appellee against appellant, a common carrier, for damages in the sum of $660 on account of the alleged failure to furnish a cattle-car at New Blaine within six days after being notified, in writing, to do so, in which to make an interstate shipment of cattle.

Appellant filed an answer to the complaint, interposing the defenses, first, that the order was canceled by appellee, and second, that appellee failed to make a tender of his cattle for shipment in the manner required by law.

The cause was submitted upon the pleadings, testimony and instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee, from which is this appeal.

The notice was given pursuant to the provisions of § 895 of Crawford & Moses' Digest, and is as follows:

"Blaine, Arkansas, Oct. 26, '22.

"Joseph A. Clark, Agent:

"You will please order me a thirty-six foot stock car at once, and oblige, Otto Roady."

Joseph A. Clark was the agent of the appellant at New Blaine. Appellant was operating a railroad between Ola, in Yell County, and Paris, in Logan County. The order was received and filed by the agent. He at once requested the proper official to furnish the car, and an effort was made to procure one from appellant's connecting carrier at Paris, the Missouri Pacific Railroad Company, without success. Owing to the fact that the government was about to place Logan County within the quarantine district because the quorum court had failed to appropriate money to assist in the eradication of cattle ticks, there was a great rush for cars. On account of the scarcity of cars on the Missouri Pacific line, which was the most direct route for shipping cattle to Kansas City, appellant made arrangement with its connecting carrier at Ola, the Rock Island, which would not benefit by the haul, to borrow a car to haul appellee's cattle. Appellee was notified that appellant could furnish him a car on the morning of October 31st if he could arrange to have his cattle inspected, and obtain an order for shipment from a Federal inspector in time to get the car out of Logan County by midnight on October 31st. After appellee made an order for a car, the Federal inspector issued an order incorporating Logan County within the quarantine, which prevented cattle from being shipped out after midnight on October 31st. Appellee, immediately upon receipt of the notice that the car could be furnished if an inspection could be obtained, attempted to communicate with the Federal inspector, and, during the morning, got in touch with Dr. D. Richardson, who was assisting D. F. McCarty, the Federal inspector, in inspecting cattle for shipment. Dr. Richardson agreed to inspect the cattle, but could not do so until four or five o'clock p. m. He did not do so, as that hour would

be too late for the car to be picked up by appellant's last train to Paris which connected with the 1:50 p. m. train of the Missouri Pacific to Kansas City. This was the last train that day, on said line, which could haul the cattle-car out of Logan County before midnight. The testimony is in conflict as to whether appellee canceled the order for the car after ascertaining that Dr. Richardson could not inspect the cattle before four or five o'clock that afternoon. The superintendent of appellant company took the matter up with the Federal inspector at Little Rock, and asked permission to receive the cattle after inspection by the local inspector and certification that they were free from disease, and to ship them out the following day, November 1. The inspector refused to grant the request of the superintendent.

The court, in substance, declared the law to be that appellant could not have legally received the cattle for shipment without inspection and a certificate that they were clean, or free from ticks; also that appellant could not be made to respond in damages if appellee was prevented from shipping the cattle on account of his failure to get them inspected, or in case he canceled the order; but that he could recover such damages as he sustained if he was prevented from shipping them because appellant failed to furnish a car. Appellant requested the trial court to instruct a verdict in his favor, claiming that the undisputed testimony showed that appellee was prevented from shipping the cattle because he failed to obtain the required inspection and a certificate for shipment from the Federal inspector or his representative. The court refused to peremptorily instruct the jury, over the objection and exception of appellant. The exception was properly preserved, and appellant now insists that the court committed reversible error in sending the case to the jury. We think appellant's interpretation of the testimony is correct. It was the duty of the appellee to have his cattle inspected and their condition for shipment certified by the proper official before he could tender them

to appellant for shipment, and this must have been done in time to have hauled them out of Logan County before the quarantine order took effect. According to the undisputed evidence, he failed to do this. The trial court should have instructed a verdict for appellant. On account of the refusal to do so, the judgment is reversed and the cause is dismissed.